FILED
at ___ O'clock & ___ min. ___ M
NOV 1 3 2006
United States Bankruptcy Court
Columbia, South Carolina (26)

ENTERED
NOV 1 3 2006

L.G.R.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:

Tiffany Dinell Monroe,

Debtor.

C/A No. 06-02869-W

Chapter 13

**ORDER**

This matter comes before the Court for confirmation of Tiffany Dinell Monroe's ("Debtor") proposed chapter 13 plan. At the confirmation hearing, the chapter 13 trustee's ("Trustee") moved to dismiss this case pursuant to 11 U.S.C. § 521(i)(1)[1] on grounds that Debtor failed to file all payment advices required by § 521(a)(1)(B)(iv) within 45 days of the petition date.[2]

Debtor filed this case under chapter 7 on July 9, 2006. Debtor's schedules disclose that she is employed and earns approximately $1,417.20 per month. Within 45 days of the petition date, Debtor filed payment advices for October 14, 2005 through April 14, 2006.[3] Debtor subsequently converted this case to a case under chapter 13 on September 5, 2006. Debtor filed supplemental payment advices on October 27, 2006 for March 25, 2006 through October 13, 2006.

Section 521(i) was added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). "BAPCPA is a complex and extensive statute that is, at times, unforgiving to debtors and to their counsel. Snares and traps are present throughout BAPCPA for unwary debtors. By the design of Congress, the Court is not in a position to extricate counsel and debtors from these perils." In re Ott, 343 B.R. 264, 268 (Bankr. D. Colo. 2006). Section 521(i) is one such trap. It provides:

(1) Subject to paragraphs (2) and (4) and notwithstanding section 707(a), if an

---

[1] Further references to the Bankruptcy Code shall be made by section number only.

[2] Despite being provided with ten (10) days to respond to Trustee's oral motion, Debtor's counsel failed to submit a response to the motion.

[3] Like other courts, this Court does not monitor for the quality of documents submitted by Debtor but rather relies on parties in interest to raise whether Debtor has complied with § 521(a)(1). See In re Jackson, 348 B.R. 487, 496-497 (Bankr. S.D. Iowa 2006).

individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition.

(2) Subject to paragraph (4) and with respect to a case described in paragraph (1), any party in interest may request the court to enter an order dismissing the case. If requested, the court shall enter an order of dismissal not later than 5 days after such request.

11 U.S.C. § 521.

Section 521(a)(1)(B)(iv) provides, unless otherwise ordered, that Debtor is required to file "copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition." Though Debtor filed certain payment advices, she did not file those payment advices required by § 521(a)(1)(B)(iv) until nearly four months after the petition date. Excusable neglect, substantial compliance, and like equitable arguments are not available to Debtor to avoid the application of § 521(i)(1). See In re Ott, 343 B.R. at 267 (rejecting excusable neglect); In re Lovato, 343 B.R. 268, 270 (Bankr. D.N.M. 2006) (rejecting equitable arguments for not filing payment advices); In re Wilkerson, 346 B.R. 539 (Bankr. D. Utah 2006) (rejecting substantial compliance where debtor filed all payment advices but for one pay period and filed an amendment to her payment advices more than 45 days after the petition date). Though § 521(i)(3) provides debtor with the opportunity to seek an extension of the 45 day period, no such extension was sought in this case.

Pursuant to § 521(i)(2), Trustee requested that the Court enter an order dismissing the case. Having concluded that Debtor did not comply with her statutory duty under § 521(a)(1) within 45 days of the petition date, it is therefore ordered that this case is dismissed effective August 24, 2006, the 46th day after the petition date, pursuant to § 521(i)(1).

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
November 13, 2006